IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:11cv319-MEF |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a petition to renounce U.S. citizenship and amendment thereto filed by Marcus Orlando Tate ("Tate"), a state inmate and frequent litigant in the federal courts of this state. (*See* Doc. Nos. 1, 3, and 6.) In connection with his petition, Tate has filed an application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. No. 7.) However, pursuant to 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the court determined that the "three
(continued...)

The records of the federal courts of this state establish that Tate, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.  The referenced cases are  (1) *Taite v. Haley, et al.*, Case No. 2:02cv34-MHT-CSC (M.D. Ala. 2002), (2) *Tate, et al., v. Keahey, et al.*, Case No. 1:02cv734-BH-S (S.D. Ala. 2003), and (3) *Tate v. Lawson*, Case No. 2:06cv1779-RBP (N.D. Ala. 2006).[2]  In addition to the aforementioned civil actions, Tate filed *Drelijah Joshua Muhammad, II v. McIntyre, III, et al.*, Case No. 1:06cv228-BH-C (S.D. Ala. 2006), which the United States District Court for the Southern District of Alabama "dismissed for lack of subject matter jurisdiction due to plaintiff filing the § 1983 action while he was a prisoner, paying the filing fee, and suing non-state actors, which therefore placed his action beyond the purview of 28 U.S. C. §§ 1915 and § 1915A.  And his complaint was found to be without legal merit.  By all reasoning, the preceding action meets the criteria ... for a frivolous action - that a frivolous action is one that is 'based on

---

[1](...continued)
strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera*, but only to the extent *Rivera* required an inmate to plead exhaustion of remedies in his complaint, as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

[2]The requisite dismissals are indicated on the docket sheets maintained by each respective court in the referenced cases.

[an] indisputably meritless legal theory' or 'lacks an arguable basis in law.'" *Tate v. Bass, et al.*, Civil Action No. 1:07cv305-KD-C (S.D. Ala. 2007) (citations omitted) (Report and Recommendation of the Magistrate Judge, dismissing case pursuant to 28 U.S.C. § 1915(g), Court Doc. No. 5 at 2, adopted as opinion of the court by order of June 22, 2007, Court Doc. No. 10)

The court has carefully reviewed the claims presented in the instant case. The allegations made the basis of Tate's petition fail to demonstrate that Tate was "under imminent danger of serious physical injury" at the time he initiated this cause of action, as is required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed in forma pauperis must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). The court therefore concludes that Tate's motion for leave to proceed *in forma pauperis* should be denied and this case dismissed without prejudice for Tate's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Tate (Doc. No. 7) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed at this time without prejudice for Tate's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before **September 1, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done this 18th day of August, 2011.


                                            /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE